IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18 cv 5478 |
| ) | |
| AQUA-GUARD MANAGEMENT, INC., ) | |
| VELA INSURANCE SERVICES, GEMINI ) | |
| INSURANCE COMPANY, BAY COLONY ) | |
| HOMEOWNERS'S ASSOCIATION and GENIA ) | |
| YOVANKIN, as Independent Administrator of the ) | |
| Estate of GENRIKH MAYBORODA, deceased, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, THE CINCINNATI INSURANCE COMPANIES ("CINCINNATI"), by its attorneys, ORLEANS CANTY NOVY, LLC., and pursuant to Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201, and as and for its Complaint for Declaratory Judgment against the Defendant, AQUA-GUARD MANAGEMENT, INC. ("AQUA-GUARD"), VELA INSURANCE SERVICES ("VELA"), GEMINI INSURANCE COMPANY ("GEMINI"), BAY COLONY HOMEOWNERS'S ASSOCIATION ("BAY COLONY") and GENIA YOVANKIN, as Independent Administrator of the Estate of GENRIKH MAYBORODA, deceased ("YOVANKIN"), states as follows:

**INTRODUCTION**

1. This Declaratory Judgment Complaint is brought pursuant to Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201 and involves the respective rights and duties between CINCINNATI, AQUA-GUARD, VELA, and GEMINI arising out of a Wrongful Death and Survival Complaint filed by GENIA YOVANKIN, as Independent Administrator of the

1

Estate of GENRIKH MAYBORODA, deceased, ("YOVANKIN"), in the Circuit Court of Cook County, Illinois under Court No. 17 L 002293, with respect to AQUA-GUARD's, VELA's, and GEMINI's duty to defend and indemnify BAY COLONY HOMEOWNERS'S ASSOCIATION ("BAY COLONY") pursuant to a agreement between BAY COLONY and AQUA-GUARD, entered into on January 26, 2016 ("the Agreement"). Attached hereto as Exhibit "A" is a true and correct copy of the Complaint filed by YOVANKIN. Attached hereto as Exhibit "B" is a true and correct copy of the Agreement.

2. CINCINNATI seeks a declaration in this action that pursuant to the Agreement, AQUA-GUARD, VELA, and GEMINI, owe a duty to defend, indemnify, pay settlements or judgments and attorneys' costs and fees, on behalf of the BAY COLONY, relative to the Wrongful Death and Survival lawsuit filed by YOVANKIN.

## THE PARTIES

3. At all relevant times, CINCINNATI, a Ohio domiciled insurance company, and a citizen of Ohio, was engaged in the business of writing various types of lines of insurance, including Condominium Liability Insurance, in several states, including Illinois.

4. At all relevant times, BAY COLONY, was and is, a Condominium Association and privately held company, incorporated in the State of Illinois, located at 9501 Bay Colony Drive, Des Plaines, Cook County, IL 60016, and is a citizen of the State of Illinois. BAY COLONY is named as a necessary and interested party.

5. At all relevant times, CINCINNATI, issued a policy of insurance to BAY COLONY, for the premises located at 9501 Bay Colony Drive, Des Plaines, Illinois, policy number ENP0184580.

6. At all relevant times, AQUA-GUARD, was and is, a "full service pool management company," incorporated under the laws of the State of Illinois with its registered

agent located at 1515 E. Woodfield Road, Suite 880, Schaumberg, Cook County, Illinois 60173, and therefore is a citizen of the State of Illinois. AQUA-GUARD's principal place of business is 1034 Lunt Avenue, Schaumburg, Cook County, Illinois 60193.

7. At all relevant times, VELA, a insurance company incorporated in the State of Delaware, and a citizen of Delaware, was engaged in the business of writing various types of lines of insurance, including Liability Insurance, in several states, including Illinois. VELA's principal place of business is 11516 Nicholas Street, Suite 301, Omaha, Nebraska 68154.

8. At all relevant times, GEMINI, a insurance company incorporated in the State of Delaware, and a citizen of Delaware, was engaged in the business of writing various types of lines of insurance, including Liability Insurance, in several states, including Illinois. GEMINI's principal place of business is 7233 East Butherus Drive, Scottsdale, Arizona 85260.

9. At all relevant times, YOVANKIN was a citizen of the State of Illinois residing at 735 Chicago Avenue, Evanston, Illinois 60202. YOVANKIN is named as a necessary and interested party.

## JURISDICTION/VENUE

10. 28 U.S.C. § 1332 provides that:

   (a) The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between

   (1) citizens of different states;

   (2) citizens of a State and citizens or subjects of a foreign state . . .

11. CINCINNATI is a citizen of Ohio.

12. AQUA-GUARD is a citizen of the State of Illinois.

13. BAY COLONY is a citizen of the State of Illinois.

14. VELA is a citizen of the State of Delaware.

3

15. GEMINI is a citizen of the State of Arizona.

16. YOVANKIN is a citizen of the State of Illinois.

17. Consequently, diversity of citizenship exists between Plaintiff and Defendants.

18. YOVANKIN's State Court action is an action for civil damages brought pursuant to the Illinois Wrongful Death Statute and the Illinois Survival Act. YOVANKIN does not specify a dollar amount of damages in her Amended Complaint. Rather, Plaintiff's Amended Complaint contained six Counts, each seeking damages in excess of the minimum jurisdiction limit of the court, the Circuit Court of Cook County, Illinois, Law Division. In this regard, YOVANKIN alleges that as a result of the subject incident, GENRIKH MAYBORODA "was then and there injured, both internally and externally, and was caused to and did undergo additional great pain and discomfort, disfigurement, physical impairment, and death." (Ex. A). Therefore, although not specifically demand on the face of the complaint, Defendants make a reasonable conclusion based on the allegations of YOVANKIN State Court action exceeds $75,000, exclusive of interest and costs.

19. 28 U.S. Code § 1391 provides in part:

(b) Venue in General. - A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

20. Three Defendants reside in Cook County, Illinois.

21. The Northern District of Illinois is the appropriate venue for this action.

### THE UNDERLYING COMPLAINT

22. On March 3, 2017, YOVANKIN filed a Complaint at Law in the Circuit Court of Cook County, Illinois, under Court No. 2017 L 002293 against the BAY COLONY and AQUA-GUARD, among others, seeking damages for the Wrongful Death and Survival of Genrikh Mayboroda ("Decedent") on June 10, 2016, due to a drowning. *See* Exhibit "A".

4

23. On May 3, 2017, YOVANKIN filed a First Amended Complaint at Law in the Circuit Court of Cook County, Illinois, under Court No. 2017 L 002293 against the BAY COLONY and AQUA-GUARD, among others, seeking damages for the Wrongful Death and Survival of Decedent on June 10, 2016 due to a drowning in the pool on the BAY COLONY premises. Attached hereto as Exhibit "C" is a true and correct copy of the First Amended Complaint filed by YOVANKIN, referred to herein as "the underlying Complaint."

24. It is alleged in the underlying Complaint that on June 10, 2016, the Decedent was lawfully on the premises, was using the swimming pool, and drowned in said swimming pool causing injuries and death. *See* Exhibit "C."

25. Further, the underlying Complaint alleges that BAY COLONY was the owner of the property located at 9501 Bay Colony Drive, Des Plaines, Illinois (the "premises"). *See* Exhibit "C," Count III ¶4, and Count IV ¶4.

26. Further, the underlying Complaint alleges that on June 10, 2016, BAY COLONY had a contract with AQUA-GUARD for AQUA-GUARD to provide lifeguard services at the premises. *See* Exhibit "C," Count III ¶6, Count IV ¶6, Count V ¶3, and Count IV (sic.) ¶3.

27. Further, the underlying Complaint alleges that on June 10, 2016, DONALD NOVAK, was a lifeguard and was the agent and the employee of AQUA-GUARD. *See* Exhibit "C," Count III ¶7, Count IV ¶7, Count V ¶5, and Count IV (sic.) ¶5.

28. Further, the underlying Complaint alleges that on June 10, 2016, AQUA-GUARD and DONALD NOVAK, were the agents of BAY COLONY. *See* Exhibit "C," Count III ¶8, Count IV ¶8, Count V ¶5, and Count IV (sic.) ¶5.

29. Further, in Count III and IV of the underlying Complaint, it is alleged that BAY COLONY, by and through its agents AQUA-GUARD and DONALD NOVAK:

5

    a.    carelessly and negligently failed to properly maintain the safety of person in and around the pool, including Decedent, so as to avoid injury;

    b.    carelessly and negligently failed to observe and monitor persons in the swimming pool, including Decedent in order to anticipate problems and identify emergency situations;

    c.    carelessly and negligently failed to take adequate precautions to prevent Decedent from drowning;

    d.    carelessly and negligently failed to rescue Decedent when he was in danger of drowning; e. carelessly and negligently failed to properly administer first aid to Decedent; and

    f.    was otherwise careless and negligent.

*See* Exhibit "C," Count III ¶7 and Count IV ¶7.

30. Further, the underlying Complaint alleges that as a proximate result of the aforementioned acts, the Decedent died. *See Exhibit "C*," Count IV ¶14. Count III of the underlying Complaint contains identical allegations but is premised in a cause of action for the Survival of the Decedent prior to the drowning causing his death. *See* Exhibit "C," Count III ¶14.

## THE AQUA-GUARD/BAY COLONY AGREEMENT

31. A true and complete copy of the Agreement is attached as Exhibit "B".

32. The Agreement states that AQUA-GUARD agreed to "operate and be responsible for all pool activities conducted at the [BAY COLONY] facilities." *See* Exhibit "B," ¶9.

33. Specifically, AQUA-GUARD agreed to staff the pool from May 28, 2016 to September 5, 2016 "with a minimum of one AQUA-GUARD staff member on site..." *See* Exhibit "B," ¶10.

34. Further, AQUA-GUARD agreed that the "staff will be qualified and experienced individuals, and shall hold a current StarGuard, Jeff Ellis & Associates, Red Cross, YMCA, and or all of the aforementioned certifications, CPR certification, and First Aid certification." *See* Exhibit "B," ¶10.

35. Additionally, AQUA-GUARD agreed "to provide liability insurance for lifeguards…" *See* Exhibit "B," ¶14.

36. Further, the Agreement contains an indemnity provision, providing:

> Except in the event of negligence on the part of AQUA-GUARD, AQUA-GUARD shall not be liable for any claims for loss of life…arising from any incidents occurring at the facilities at times when AQUA-GUARD is not engaged in the performance of this agreement…. AQUA-GUARD shall hold [BAY COLONY] harmless and indemnified with respect to claims, actions, damages, liability, expense and judgments in connection with loss of life, bodily or damage to property occurring at times when AQUA-GUARD [sic] in engaged in the performance of this agreement.

See Exhibit "B," ¶23.

37 The Agreement also provides that "in the event either party is required to file suit to enforce any provision of this Agreement, the defaulting party shall be responsible for any and all costs for litigation including court costs and attorney's fees incurred by the non-defaulting party." See Exhibit "B," ¶37.

## COUNT I
## DECLARATORY JUDGMENT

38. Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201 permits the Court "a case of actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

39. The allegations in the underlying Complaint pertain to injuries and damages arising from the Decedent's use of the pool at the premises when AQUA-GUARD was engaged in the performance of the Agreement.

40. Counts III and IV of the underlying Complaint are the only counts directed at BAY COLONY.

7

41. Counts III and IV of the underlying Complaint allege that BAY COLONY was negligent through the acts of its agents AQUA-GUARD and NOVAK.

42. The underlying Complaint does not allege any direct or independent acts of negligence against BAY COLONY.

43. On September 21, 2017, defense counsel for BAY COLONY issued correspondence to counsel for AQUA-GUARD tendering its defense and indemnification of the Complaint to AQUA-GUARD pursuant to the Agreement. Attached hereto as Exhibit "D" is a true and correct copy of the September 21, 2017 correspondence, referred to herein as "the tender letter."

44. The tender letter specifically referenced the indemnity provision in paragraph 23 of the Agreement and that the Complaint alleges that the incident occurred when AQUA-GUARD was actively engaged in the performance of the Agreement through employing NOVAK to guard the pool.

45. The tender letter demanded that BAY COLONY be defended and indemnified by AQUA-GUARD's insurer and "selected" AQUA-GUARD's insurer as the insurer it exclusively sought to have defend and indemnify it.

46. Further, the tender letter provided that should AQUA-GUARD's insurer not provide coverage, BAY COLONY will seek defense and indemnity directly from AQUA-GUARD.

47. On January 19, 2018 AQUA-GUARD, through its counsel, issued correspondence to BAY COLONY denying the tender of defense and indemnity. Attached hereto as Exhibit "E" is a true and correct copy of the January 19, 2018 correspondence, referred to herein as "the tender denial."

48. On April 11, 2018 counsel for CINCINNATI issued additional correspondence to counsel for AQUA-GUARD again tendering its defense and indemnification of the Complaint to AQUA-GUARD pursuant to the Agreement. Attached hereto as Exhibit "E" is a true and correct copy of the April 11, 2018 correspondence, referred to herein as "the re-tender letter."

49. AQUA-GUARD, VELA and GEMINI, have denied CINCINNATI's re-tender letter.

50. An actual controversy exists between CINCINNATI and AQUA-GUARD, VELA and GEMINI,, because AQUA-GUARD, VELA and GEMINI, have refused to accept BAY COLONY's, tender of defense and indemnity.

51. Under the provisions of Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201, this Court is vested with the authority to declare and adjudicate the rights and liabilities of the parties hereto, and to order such other relief as it deems necessary and proper.

52. Pursuant to the Agreement, AQUA-GUARD, VELA and GEMINI, must provide a defense for and indemnify BAY COLONY in the underlying Action filed by filed by YOVANKIN.

53. AQUA-GUARD, VELA and GEMINI, have failed to defend and indemnify BAY COLONY in the underlying Action filed by filed by YOVANKIN.

54. AQUA-GUARD, VELA and GEMINI, have waived its defenses to this action by failing to timely response to CINCINNATI's tenders of defense.

55. AQUA-GUARD, VELA and GEMINI, is estopped from asserting new defenses to this action by failing to timely response to CINCINNATI's tenders of defense.

56. CINCINNATI has sustained and will continue to sustain damages by providing a defense to BAY COLONY as a result of AQUA-GUARD's, VELA's and GEMINI,'s, failure to properly defend and indemnify BAY COLONY pursuant to the Agreement.

9

WHEREFORE For the reasons set forth above, CINCINNATI prays that this Court enter a judgment finding and declaring:

a. That pursuant to the terms of the AQUA-GUARD/BAY COLONY, Agreement, that AQUA-GUARD, VELA and GEMINI, are required to defend and indemnify BAY COLONY against the Underlying Complaint;

b. That AQUA-GUARD, VELA and GEMINI, have waived its rights to defenses by failing to timely respond to the tender of defense and is estopped from asserting defenses;

c. That pursuant to the terms of the AQUA-GUARD/BAY COLONY, Agreement, that Judgment be entered in favor of CINCINNATI, including attorney's fees and costs;

d. That Judgment be entered in favor of CINCINNATI and against all Defendants for all monies paid by CINCINNATI to defend and indemnify BAY COLONY against the Underlying Complaint; and

e. further awarding such further relief as this Court deems just.

Respectfully submitted,
THE CINCINNATI INSURANCE COMPANIES,
Plaintiff.

By: _____
One of Its Attorneys

**Service at service@ocnlaw.com**
Bradley A. Bertkau
bbertkau@ocnlaw.com
Jason Orleans
jorleans@ocnlaw.com
ORLEANS CANTY NOVY, LLC
65 E. Wacker Place, Suite 1220
Chicago, IL 60601
Telephone: (847) 625-8200
Facsimile: (847) 625-8262
Firm No. 61094